UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Darouny L. Kataviravong;
Bounleuang Kataviravong,

              Plaintiffs,                      **MEMORANDUM OPINION AND ORDER**

         v.                                        Civil No. 12-493 ADM/JJG

Mirabella Mortgage, LLC; MERSCORP
Holdings, Inc.; Mortgage Electronic Registration
Systems, Inc.; Countrywide Bank, N.A.;
JPMorgan Chase Bank, N.A.; Title and Closing,
Inc.; Negotiation Specialists; American
Independent Mortgage; and Federal
National Mortgage Association, a/k/a
Fannie Mae;

              Defendants.

_____

Shauna F. Kieffer, Esq., Ford Law Office, Hopkins, MN, on behalf of Plaintiffs.

Calvin P. Hoffman, Esq., and Marc. D. Simpson, Esq., Leonard, Street and Deinard, PA, Minneapolis, MN, on behalf of Defendants MERSCORP Holdings, Inc., Mortgage Electronic Registration Systems, Inc., JPMorgan Chase Bank, N.A., and Federal National Mortgage Association.

_____

**I. INTRODUCTION**

       On May 10, 2012, the undersigned United States District Judge heard oral argument on a Motion to Dismiss [Docket No. 4] brought by Defendants JPMorgan Chase Bank, N.A. ("Chase"), Federal National Mortgage Association ("Fannie Mae"), MERSCORP, Inc. ("MERSCORP") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively, "MERS Defendants"). For the reasons stated below, MERS Defendants' Motion is granted.

## II.  BACKGROUND[1]

In October 2005, Plaintiffs Darouny L. Kataviravong and Bounleuang Kataviravong (collectively, the "Kataviravongs") refinanced an existing mortgage on their home in Burnsville, Minnesota (the "Property").  Notice of Removal [Docket No. 1] Ex. 1 ("Compl.") ¶¶ 1, 5.  The mortgage refinance was granted in favor of MERS and later assigned to Chase.  Id. ¶¶ 5–7.  The Kataviravongs allege that at the time of the origination of the mortgage, MERS Defendants misled them as to the terms and effect of the refinancing, and that these misrepresentations, coupled with financial distress, caused them to fall behind on their mortgage payments.  The Kataviravongs attempted to refinance or modify their mortgage in 2008.  Id. ¶ 2.  These attempts were unsuccessful.  Id. ¶¶ 33–36.  The Kataviravongs were notified of a mortgage foreclosure sale in early 2011, and on February 24, 2011, the Property was purchased by Chase at a sheriff's sale.  Id. ¶ 36. On August 24, 2011, the Kataviravongs' statutory redemption period expired.  Id. On November 1, 2011, the Kataviravongs filed this Complaint.

## III.  DISCUSSION

### A.  Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure governs a motion to dismiss for failure to state a claim.  In considering a Rule 12(b)(6) motion, the court views the pleadings in the light most favorable to the nonmoving party and treats the alleged facts as true.  See Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).  Conclusions of law made by the nonmoving party, however, are not "blindly accept[ed]."  Westcott v. City of Omaha, 901 F.2d

---

[1]In considering Defendants' Motion to Dismiss, the Court takes the facts alleged in the Kataviravongs' Complaint to be true.  See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

1486, 1488 (8th Cir. 1990).  A court may consider materials outside the complaint, including documents which are part of the public record and materials "necessarily embraced by the pleadings." Missouri ex rel. Nixon v. Couer D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999); Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co., 967 F. Supp. 1148, 1152 (D. Minn. 1997).  A Rule 12(b)(6) motion to dismiss is granted when the factual allegations, even assumed to be true, do not entitle that party to relief.  See, e.g., Taxi Connection v. Dakota, Minn. & E. R.R. Corp., 513 F.3d 823, 826-27 (8th Cir. 2008).

Pleadings must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Rule 8(a) has been interpreted to mean that a pleading must allege "enough facts to state a claim of relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To satisfy the standard of facial plausibility, a claim must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  This plausibility determination is "context-specific" and "requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

**B.  Analysis**

The Kataviravongs' Complaint alleges that MERS Defendants violated the Home Ownership Equity Protection Act ("HOEPA") and asserts several state causes of action including negligence, negligent misrepresentation, contract reformation, and violations of Minnesota

3

Statute § 325F.691 and Minnesota Statute § 58.13.  MERS Defendants dispute that the Kataviravongs have sufficiently pled a claim under HOEPA and argue that even if the claim was sufficient, the HOEPA claim is barred by the statute of limitations.  MERS Defendants maintain that because the Kataviravongs' HOEPA claim fails, all the state claims fail as a matter of law.  These arguments are discussed below.

### 1. HOEPA Claim

The Truth in Lending Act ("TILA") was enacted in 1968 and specifies what lenders are required to disclose to consumers about loans, fees, and costs.  15 U.S.C. § 1601–1667.  The expressed purpose of TILA was to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit . . . ."  15 U.S.C. § 1601(a).  In response to abusive home mortgage lending practices, Congress enacted HOEPA in 1994 as an amendment to TILA.  Pub. L. 103-325 (amending TILA at 15 U.S.C. §§ 1601–02, 1604, 1610, 1639–41, 1638).

When a mortgage has associated points and fees exceeding 8% of the total mortgage amount and that mortgage is over a certain inflation-adjusted amount set annually, that mortgage is governed by HOEPA's requirements.  15 U.S.C. § 1602(a); 12 C.F.R. § 226.32(a).  HOEPA imposes several requirements on lenders, including that the lender may not make the loan without regard to the consumer's ability to pay.  12 C.F.R. § 226.34(a)(4).  HOEPA also expands assignee liability, making assignees of covered mortgages liable for all claims a consumer could assert against the originator.  15 U.S.C. § 1641(d)(1).

TILA and HOEPA allow a borrower to recover damages or rescind a covered loan in the event of a lender's violation.  However, the borrower must act within one year of entering the

mortgage if seeking monetary damages and within three years if seeking to rescind the mortgage. 15 U.S.C. §§ 1635(f), 1640(e); see also Beach v. Ocwen Fed. Bank, 523 U.S. 410, 417–19 (1998); Lobato v. Acqura Loan Svcs., No. 11-cv-2601, 2012 WL 607624, at *3 (S.D. Cal. Feb. 23, 2012) ("HOEPA is simply a component of TILA, and thus, it is governed by the same statute of limitations.").

Fundamentally, the Kataviravongs have failed to plead facts indicating that MERS Defendants violated HOEPA. The Kataviravongs' Complaint alleges that "Plaintiffs' [loan] modification through Mirabella as the lender, and MERS was not made with their ability to repay." Compl. ¶ 22. HOEPA does provide that "[a] creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages in section 1602(aa) . . . without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment." 15 U.S.C. § 1639(h). The Kataviravongs' Complaint, however, fails to sufficiently plead the factual allegations to support a pattern or practice of such conduct. The Kataviravongs' Complaint discloses no other instances of similar conduct by these MERS Defendants, and has therefore failed to state a claim under this HOEPA provision. Additionally, the bare assertion that MERS and Mirabella made the loan modification, without any factual assertions about how they failed to account for the Kataviravongs' ability to pay, falls far short of the Iqbal and Twombly standard. For this reason, the Kataviravongs' HOEPA claims are dismissed as to MERS Defendants.

Additionally, the Kataviravongs assert their HOEPA claim well after the statute of limitations expired for filing a HOEPA claim. The statutes of limitations for HOEPA are one year for monetary damages and three years for rescission of a mortgage loan. See 15 U.S.C. §§

1635(f), 1640(e). The Kataviravongs filed their Complaint on November 1, 2011, but the mortgage they are challenging was signed on October 7, 2005, more than six years before. Regardless of the remedy sought, the Kataviravongs' HOEPA claim is outside the relevant statutes of limitations.

The Kataviravongs argue that their HOEPA claim is not barred by the statute of limitations because their claim is one of recoupment. Recoupment is a defense, and the HOEPA statute of limitations "does not bar a person from asserting a [TILA] violation . . . in an action to collect the debt . . . as a matter of defense by recoupment or set-off in such action . . . ." 15 U.S.C. § 1640(e). However, the Kataviravongs filed the present suit so they cannot rely on the defense of recoupment. See, e.g., Tacheny v. M&I Marshall Ilsley Bank, No. 10-CV-2067, 2011 WL 1657877, at *5 (D. Minn. Apr. 29, 2011) (finding that the recoupment exception to the 15 U.S.C. § 1640(e) statute of limitations does not apply when raised by a plaintiff in its pleadings). Moreover, the Kataviravongs have not clearly stated that MERS Defendants are seeking to collect a debt, a required element for a claim of recoupment. For both these reasons, the Kataviravongs' argument that their HOEPA claim is one of recoupment fails, the statutes of limitations apply, and their claim is thereby barred as to MERS Defendants.

### 2. Minn. Stat. § 325F.691 Claim

In Count II, the Kataviravongs claim that MERS Defendants violated Minn. Stat. § 325F.691, which provides in part:

> A lender . . . who causes unreasonable delay in processing a loan application beyond the expiration date of an interest rate or discount point agreement is liable to the borrower for a penalty in an amount not to exceed the borrower's actual out-of-pocket damages, including the present value of the increased interest costs

over the normal life of the loan, or specific performance of the agreement.
Minn. Stat. § 325F.691, subd. 1. The Kataviravongs allege that Chase and Fannie Mae violated Minnesota state law by failing to modify their mortgage through the Home Affordable Modification Program ("HAMP"). Compl. ¶¶ 26, 29, 33.

The Kataviravongs' claim under Minn. Stat. § 325F.691 fails for several reasons. First, HAMP does not provide a private cause of action. See, e.g., Ming'ate v. Bank of America, N.A., No. 11-1787, 2011 WL 4590431, at *3 (D. Minn. Sept. 30, 2011) ("[C]ourts in [the District of Minnesota] have consistently ruled that HAMP fails to provide a private right of action."). Inasmuch as the Kataviravongs attempt to state a cause of action alleging a failure to modify their mortgage under HAMP, their claim fails for this reason. Second, the Kataviravongs have failed to sufficiently state how Chase or Fannie Mae are "lenders" under Minn. Stat. § 325F.691. The only allegations against Chase and Fannie Mae allege that they failed to modify the Kataviravongs' existing loan, not that they unreasonably delayed the processing of a loan application. This statute applies to mortgage lenders, not to institutions engaged in loan modifications. Because Minn. Stat. § 325F.691 only prohibits unreasonable delay in processing a loan application, not in modifying an existing loan, the Kataviravongs have failed to state a valid claim under Minn. Stat. § 325F.691. Count II of the Kataviravongs' Complaint is accordingly dismissed.

### 3. Negligence Claim

The Kataviravongs' third cause of action alleges that Chase was negligent in its duty to "make a good faith effort to work with [Plaintiffs] on keeping their home." Compl. ¶ 40. The elements for a negligence claim in Minnesota are: (1) duty; (2) breach of that duty; (3) the

breach was the proximate cause of plaintiff's injury; and (4) plaintiff did in fact suffer an actual injury.  Hudson v. Snyder Body, Inc., 326 N.W.2d 149, 157 (Minn. 1982).

The Kataviravongs' claim fails because Chase owed no duty to them and because any breach of that alleged duty was not the proximate cause of the alleged injury.  In Minnesota, the relationship between a bank and a bank customer is that of creditor and debtor.  See Klein v. First Edina Nat'l Bank, 196 N.W.2d 619, 623.  Unless a special relationship exists between the bank and the borrower, where the bank has reason to know of the customer's trust and reliance, "when a bank transacts business with a depositor or other customer, it has no special duty to counsel the customer . . . ."  Id.  The Kataviravongs allege no special relationship they shared with Chase; accordingly, Chase owed no duty to the Kataviravongs, and their negligence claim falls on this element.

Additionally, the Kataviravongs have not stated how Chase's alleged breach of their supposed duty proximately caused them harm.  The harm alleged is the loss of the Kataviravongs' home.  Compl. ¶ 42.  However, the Kataviravongs' failure to pay mortgage payments was the direct cause of the foreclosure, the sheriff's sale, and the passing of the statutory redemption period.  Therefore, the Kataviravongs' negligence claim also founders on the causal element and is dismissed.

### 4. Negligent Misrepresentation

In Count IV, the Kataviravongs allege a claim of negligent misrepresentation against MERS.  It is unclear whether the Kataviravongs are bringing a negligence claim or a negligent misrepresentation claim, as the cause of action is entitled negligence but nevertheless alleges

material misrepresentations. If they are bringing a claim of negligence against MERS, the claim fails for the aforementioned reasons — namely, that MERS does not owe a fiduciary duty to the Kataviravongs in the state of Minnesota. Moreover, "MERS does not originate, lend, service, or invest in home mortgage loans. Instead, MERS acts as the nominal mortgagee for the loans owned by its members." Jackson v. Mortg. Elec. Registration Sys., Inc., 770 N.W.2d 487, 490 (Minn. 2009). MERS, therefore, was not in a creditor/debtor relationship with the Kataviravongs. They have failed to sufficiently allege any duty of or even a direct relationship with MERS, and their claim of negligence fails.

If the Kataviravongs' fourth cause of action is one for negligent misrepresentation or fraud, it too must fail. A claim of misrepresentation must be pled with particularity. See Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud or mistake."). This heightened particularity standard requires pleadings to allege the "who, what, when, where, and how" of the fraud. United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006) (citation omitted). Minnesota law requires a claim of negligent misrepresentation to allege the following: (1) that the defendant "supplie[d] false information for the guidance of others in their business transactions"; and (2) in doing so "fail[ed] to exercise reasonable care or competence in obtaining or communicating the information." Florenzano v. Olson, 387 N.W.2d 168, 174 n.3 (Minn. 1986).

The Kataviravongs have failed to plead a misrepresentation or fraud claim with the required Rule 9 specificity. Specifically, the Kataviravongs' allegations fail to articulate what material misrepresentations were made, nor did they advance any arguments as to how MERS concealed the terms. See Compl. ¶¶ 46, 48. Additionally, the Kataviravongs do not identify

when the misrepresentations were made or where they were made.  Therefore, their fourth cause of action is dismissed as to MERS Defendants for failure to comply with Rule 9.

The Kataviravongs' fourth cause of action also mentions that MERS "cannot assign mortgages" and that it "filed or transferred an invalid mortgage."  Compl. ¶¶ 51-52.  The express terms of the mortgage refute this argument, specifically contemplating MERS could assign mortgages and take any action required.  See generally Hoffman Aff. [Docket No. 12] Ex. A.  This contractual right is consistent with Minnesota statutory law, which states that an assignment is valid if properly recorded and filed with the state as long as the mortgage is granted to a mortgagee as nominee, the subsequent assignment is executed by the mortgagee, and the assignment is in recordable form.  See Minn. Stat. § 507.413(a).  The Kataviravongs' claim specifies none of these factual bases supporting a claim that MERS improperly assigned or transferred the mortgage, so this part of the fourth cause of action must also be dismissed as to MERS Defendants.

### 5. Reformation of Contract Claim

In their fifth cause of action, the Kataviravongs request the equitable remedy of contract reformation.  The elements for reformation of contract are: (1) a valid agreement between the parties expressing their real intentions; (2) the written instrument failed to express the real intentions of the parties; and (3) this failure was due to a mutual mistake of the parties, or a unilateral mistake accompanied by fraud or inequitable conduct by the defendant.  Nichols v. Shelard Nat'l Bank, 294 N.W.2d 730, 734 (Minn. 1980).

The Kataviravongs have failed to state what the real intentions of the parties were at the time of the mortgage refinancing in 2005.  Additionally, the Kataviravongs have failed to allege

what mutual mistake was made by both parties. Finally, they have failed to plead with specificity fraud or inequitable conduct giving rise to a unilateral mistake. See United States ex rel. Joshi, 441 F.3d at 556; Fed. R. Civ. P. 9(b). As a result, the Kataviravongs' fifth cause of action cannot stand.[2]

### 6. Minn. Stat. § 58.13 Claim[3]

The Kataviravongs have apparently abandoned Count VI, which alleges a violation of Minn. Stat. § 58.13. See Pls.' Mem. in Opp'n to Mot. to Dismiss [Docket No. 15]. Even were they to contest its dismissal, their claim would fail because they have not alleged any public benefit potentially arising from their claim. In Minnesota, a mortgage originator or servicer shall not provide a residential mortgage loan without verifying the borrower's reasonable ability to pay all the applicable payments. Minn. Stat. § 58.13, subd. 1(24). This statute falls under the Private Attorney General Statute, Minn. Stat. § 8.31, subd. 3(a), and as a result plaintiffs must show that their cause of action benefits the public. See, e.g., Tuttle v. Lorillard Tobacco Co., No. 99-1550, 2003 WL 1571584, at *5–6 (D. Minn. Mar. 3, 2003); Ly v. Nystrom, 615 N.W.2d

---

[2] Although Count V of the Kataviravongs' Complaint mentions MERS, Mirabella, and Title & Closing, Inc., it only alleges unlawful conduct on behalf of Fannie Mae in its cause of action for reformation of contract. Since Count V is dismissed as to Fannie Mae, it is "patently obvious" that the Kataviravongs cannot succeed on their reformation of contract claim against the remaining defendants; therefore, this Court exercises its power under Rule 12(b)(6) to dismiss a claim *sua sponte* for failure to state a claim against the remaining defendants. See Hanson v. Sullivan, No. 3:91-706, 1992 WL 227610, at *3 (D. Minn. June 2, 1992); see also Smith v. Boyd, 945 F.2d 1041, 1042–43 (8th Cir. 1991) (affirming a court's *sua sponte* dismissal of a complaint under Rule 12(b)(6) for failure to state a claim).

[3] Although the Kataviravongs caption Count VI as a cause of action arising from a violation of "Minn. Stat. § 59.13 Subdiv. 1(24) (2010)," this statute was repealed in 1975. See Minn. Stat. § 59 repealed by 1975 Minn. Laws. 493, ch. 166, § 8. Additionally, the body of Count VI refers to Minn. Stat. § 58, so the Court will construe Count VI as alleging a violation of Minn. Stat. § 58.13, subd. 1(24).

302, 314 (Minn. 2000).  Here, the Kataviravongs have failed to allege a pattern or practice of failing to verify a borrower's ability to pay, and they seek personal damages only.  Furthermore, as they allege no public benefit, the Kataviravongs' claim under Minn. Stat. § 58.13 fails as a matter of law and is dismissed as to MERS Defendants.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. MERS Defendants' Motion to Dismiss [Docket No. 4] is **GRANTED**; and
2. Counts II, III, and V of the Kataviravong's Complaint, Notice of Removal [Docket No. 1] Ex. 1, are **DISMISSED with prejudice**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 6, 2012.