UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Darouny L. Kataviravong;
Bounleuang Kataviravong,

       Plaintiffs,

v.

**ORDER**
Civil No. 12-493 ADM/JJG

Mirabella Mortgage, LLC; MERSCORP
Holdings, Inc.; Mortgage Electronic Registration
Systems, Inc.; Countrywide Bank, N.A.;
JPMorgan Chase Bank, N.A.; Title and Closing,
Inc.; Negotiation Specialists; American
Independent Mortgage; and Federal
National Mortgage Association, a/k/a
Fannie Mae;

       Defendants.

---

Shauna F. Kieffer, Esq., Ford Law Office, Hopkins, MN, on behalf of Plaintiffs.

No appearance entered on behalf of Defendant Negotiation Specialists.

---

On June 12, 2012, the undersigned United States District Judge heard oral argument on Plaintiffs Darouny L. Kataviravong and Bounleuang Kataviravong's (the "Kataviravongs") Motion for Default Judgment Against Negotiation Specialists [Docket No. 23], pursuant to Rule 55 of the Federal Rules of Civil Procedure. No appearance was made by or on behalf of Defendant Negotiation Specialists. The Court having considered the Kataviravong's motion, as well as the affidavits and exhibits[1] filed in support of the motion, and based upon all the filings and proceedings herein, hereby orders the entry of default judgment against Defendant

---

[1] The Affidavit of Service [Docket No. 26] and the Affidavit of Publication [Docket No. 27] were not filed with the original Motion for Default Judgment or the Affidavit in Support of Default Judgment, but were subsequently filed electronically on June 11, 2012. Counsel for the Kataviravongs provided this Court with copies at the motion hearing.

Negotiation Specialists.

The Kataviravongs have filed a Complaint against Negotiation Specialists and other defendants, alleging violations of the Home Ownership and Equity Protection Act ("HOEPA") and Minnesota Statute §§ 59.13 and 325F.691, as well as claims of negligence and unjust enrichment. Notice of Removal [Docket No. 1] Ex. A ("Complaint"). The Court has previously dismissed all claims against co-defendants MERSCORP Holdings, Inc., Mortgage Electronic Registration Systems, Inc., JPMorgan Chase Bank, N.A., and Federal National Mortgage Association. See June 6, 2012 Order [Docket No. 25]. Plaintiffs' Complaint against Defendant Countrywide Bank, N.A., was also dismissed with prejudice pursuant to stipulation. See Apr. 23, 2012 Order [Docket No. 17]. Plaintiffs' sole cause of action against Negotiation Specialists is for unjust enrichment.

Negotiation Specialists were served with a copy of the Summons and Complaint on December 5, 2011. See Aff. of Service. Negotiation Specialists have not appeared in this proceeding. Due to Negotiation Specialist's default, the factual allegations of the Complaint are deemed true. Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010) (citation omitted). Negotiation Specialists are in default, and they have made no showing that a default judgment is inappropriate. Negotiation Specialists also are not an infant, an incompetent person, or presently in military service.

As a proximate result of Negotiation Specialists' conduct, the Kataviravongs paid them $1,100.00 to send a qualified written request ("QWR") to their lender. Compl. ¶¶ 68–69. However, at the time Negotiation Specialists contracted with the Kataviravongs to send a QWR, the foreclosure sale had already occurred. Id. ¶ 68. The lenders were not required to respond to

a QWR which was sent after this sale.  See, e.g., Byrd v. Homecomings Fin. Network, 407 F. Supp. 2d 937, 945–46 (N.D. Ill. 2005).  Negotiation Specialists were therefore unjustly enriched by accepting the Kataviravongs' $1,100.00 in exchange for filing a QWR which served no purpose.  Under Minnesota law, a plaintiff alleging unjust enrichment must demonstrate "that another party knowingly received something of value to which he was not entitled, and that the circumstances are such that it would be unjust for that person to retain the benefit.  Schumacher v. Schumacher, 627 N.W.2d 725, 729 (Minn. Ct. App. 2001).  The facts of the Complaint, taken as true, support a finding that Negotiation Specialists were unjustly enriched by accepting the $1,100.00 from the Kataviravongs.  Additionally, the Court grants Plaintiffs attorneys' fees and costs in the amount of $420.00.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs Darouny L. Kataviravong and Bounleuang Kataviravong's Motion for Default Judgment Against Negotiation Specialists [Docket No. 23] is **GRANTED**; and

2. Default judgment in favor of Plaintiffs against Defendant Negotiation Specialists is entered in the amount of $1,520.00.

**LET DEFAULT JUDGMENT AGAINST NEGOTIATION SPECIALISTS BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 12, 2012.